Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Abraxis BioScience, LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ABRAXIS BIOSCIENCE, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**DR. REDDY'S LABORATORIES, INC. and DR. REDDY'S LABORATORIES, LTD.,**<br><br>**Defendants.** | **Civil Action No. _____**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**(Filed Electronically)** |

Plaintiff Abraxis BioScience, LLC ("Abraxis" or "Plaintiff"), by its undersigned

attorneys, for its Complaint against defendants Dr. Reddy's Laboratories, Inc. ("DRL Inc.") and

Dr. Reddy's Laboratories, Ltd. ("DRL Ltd.") (together, "DRL" or "Defendants"), alleges as

follows:

**<u>Nature of the Action</u>**

1.    This is an action for patent infringement under the patent laws of the United

States, 35 U.S.C. §100, *et seq.*, arising from DRL's submission of Abbreviated New Drug

Application ("ANDA") No. 214724 ("DRL's ANDA") with the United States Food and Drug

Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell,

- 1 -

and/or sell a generic version of Abraxane® (paclitaxel protein-bound particles for injectable suspension) drug product ("DRL's ANDA Product") prior to the expiration of United States Patent Nos. 8,034,375 ("the '375 Patent"), 9,393,318 ("the '318 Patent"), 9,511,046 ("the '046 Patent"), and 9,597,409 ("the '409 Patent") (collectively, the "Patents-in-Suit"), owned by Plaintiff.

**The Parties**

2.      Abraxis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Route 206 and Province Line Road, Princeton, NJ, 08543.

3.      On information and belief, DRL Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 500 College Road East, Princeton, NJ 08540.  On information and belief, DRL Inc. is a wholly-owned subsidiary of DRL Ltd.

4.      On information and belief, DRL Ltd. is a corporation organized and existing under the laws of India with a 8-2-337, Road No. 3, Banjara Hills, Hyderabad, Telangana 50034, India.

**The Patents-in-Suit**

5.      On October 11, 2011, the PTO duly and lawfully issued the '375 Patent, titled, "Combinations and Modes of Administration of Therapeutic Agents and Combination Therapy." A copy of the '375 Patent is attached hereto as Exhibit A.

6.      On July 19, 2016, the PTO duly and lawfully issued the '318 Patent, titled, "Methods of Treating Cancer."  A copy of the '318 Patent is attached hereto as Exhibit B.

7.      On December 6, 2016, the PTO duly and lawfully issued the '046 Patent, titled, "Methods of Treating Pancreatic Cancer."  A copy of the '046 Patent is attached hereto as Exhibit C.

8.      On March 21, 2017, the PTO duly and lawfully issued the '409 Patent, titled, "Methods of Treating Cancer."  A copy of the '409 Patent is attached hereto as Exhibit D.

## The Abraxane® Drug Product

9.      Abraxane® is an FDA-approved prescription medicine used for the treatment of certain hard-to-treat forms of cancer, including: (1) metastatic breast cancer (after failure of combination chemotherapy for metastatic disease or relapse within six months of adjuvant chemotherapy); (2) locally advanced or metastatic non-small cell lung cancer, as first-line treatment in combination with carboplatin, in patients who are not candidates for curative surgery or radiation therapy; and (3) metastatic adenocarcinoma of the pancreas as first-line treatment, in combination with gemcitabine.  The claims of the Patents-in-Suit cover, *inter alia*, methods of use and administration of paclitaxel protein-bound particles for injection, including Abraxane®.

10.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Abraxane®.

11.     The labeling for Abraxane® instructs and encourages physicians, other healthcare workers, and patients to administer Abraxane® according to one or more of the methods claimed in the Patents-in-Suit.

**Jurisdiction and Venue**

12.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

13.     This Court has personal jurisdiction over DRL Inc. by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.  On information and belief, DRL Inc. is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.  On information and belief, DRL Inc. has purposefully conducted and continues to conduct business in this Judicial District, including the purposeful sale and distribution of drug products.  On information and belief, DRL Inc. regularly and continuously transacts business in New Jersey.  On information and belief, this Judicial District will be a destination for the generic drug products described in DRL's ANDA.

14.     This Court has personal jurisdiction over DRL Ltd. by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.  On information and belief, DRL Ltd. is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.  On information and belief, DRL Ltd. has purposefully conducted and continues to conduct business in this Judicial District, including the purposeful sale and distribution of drug products.  On information and belief, DRL Ltd. regularly and continuously transacts business in New Jersey.  On information and belief, this Judicial District will be a destination for the generic drug products described in DRL's ANDA.

- 4 -

15.     On information and belief, DRL Inc. and DRL Ltd. prepare and/or aid in the preparation and submission of ANDAs to the FDA.  On information and belief, DRL Inc. and DRL Ltd. actively participated in the preparation and/or filing of DRL's ANDA.

16.     On information and belief, DRL Inc. and DRL Ltd. derive substantial revenue from selling generic products throughout the United States and/or active pharmaceutical ingredient(s) used in various generic pharmaceutical products throughout the United States, including in this Judicial District.

17.     This Court has personal jurisdiction over DRL Inc. because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos; and (2) maintains extensive and systematic contacts with the State of New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey.

18.     This Court has personal jurisdiction over DRL Ltd. because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in New Jersey, including directly or indirectly through its subsidiaries, agents, and/or alter egos, including DRL Inc., which is registered with the State of New Jersey's Division of Revenue and Enterprise under Entity ID No. 0100518911 and is registered with the New Jersey Department of Health under Permit No. 5002312; and (2) maintains extensive and systematic contacts with the State of New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey, including directly or indirectly through DRL Inc.

19.     This Court has personal jurisdiction over DRL Inc. and DRL Ltd. because, *inter alia*, they have committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and, on information and belief, they intend a future course of conduct that includes acts of patent

infringement in New Jersey.  These acts have led and will continue to lead to foreseeable harm and injury to Abraxis in New Jersey and in this Judicial District.  For example, on information and belief, DRL Inc. and DRL Ltd. will work in concert towards the regulatory approval, manufacturing, use, importation, marketing, sale, offer for sale, and distribution of generic pharmaceutical products, including DRL's ANDA Product, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patents-in-Suit.

20.     This Court has personal jurisdiction over DRL Ltd. because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Plaintiff's claims arise under federal law; (b) DRL Ltd. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) DRL Ltd. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over DRL satisfies due process.

21.     On information and belief, DRL Inc. and DRL Ltd. seek approval from the FDA to sell DRL's ANDA Product throughout the United States, including in this Judicial District, and intend to market, sell, and/or distribute DRL's ANDA Product to residents of New Jersey upon approval of DRL's ANDA.

22.     On information and belief, DRL Inc. and DRL Ltd. have previously been sued in this Judicial District and have not challenged personal jurisdiction.  *See, e.g., AbbVie Inc., et al., v. Dr. Reddy's Labs., Ltd., et al.*, No. 25-19039 (D.N.J.); *Incyte Corp., et al., v. Dr. Reddy's Labs., Inc., et al.*, No. 25-17832 (D.N.J.); *Intra-Cellular Therapies, Inc. v. Dr. Reddy's Labs., Inc., et al.*, No. 24-4264 (D.N.J.).

23.     DRL Inc. and DRL Ltd. have further availed themselves of the jurisdiction of this Court by previously asserting counterclaims in this jurisdiction.  *See, e.g., Incyte Corp., et al., v Dr. Reddy's Labs., Inc., et al.*, No. 25-17832 (D.N.J.); *AbbVie Inc., et al., v. Dr. Reddy's Labs., Ltd., et al.*, No. 25-19039 (D.N.J.); *Intra-Cellular Therapies, Inc. v. Dr. Reddy's Labs., Inc., et al.*, No. 24-4264 (D.N.J.).

24.     Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b).

**Acts Giving Rise To This Suit**

25.     Pursuant to Section 505 of the Federal Food Drug and Cosmetic Act, DRL filed DRL's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of DRL's ANDA Product before the Patents-in-Suit expire.

26.     On information and belief, following FDA approval of DRL's ANDA, DRL will make, use, offer for sale, or sell DRL's ANDA Product throughout the United States, or import DRL's ANDA Product into the United States.

27.     On information and belief, in connection with the filing of DRL's ANDA as described above, DRL provided a written certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("DRL's Paragraph IV Certification").

28.     No earlier than February 18, 2026, DRL sent written notice of its Paragraph IV Certification to Abraxis ("DRL's Notice Letter").  DRL's Notice Letter informed Abraxis that DRL seeks approval to market DRL's ANDA Product before the Patents-in-Suit expire.

## Count I: Infringement of the '375 Patent

29.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30.     DRL's submission of DRL's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of DRL's ANDA Product, prior to the expiration of the '375 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

31.     There is a justiciable controversy between the parties hereto as to the infringement of the '375 Patent.

32.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '375 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.

33.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '375 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.  On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '375 Patent and knowledge that its acts are encouraging infringement.

34.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '375 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.  On information and belief, DRL has had and continues to have knowledge that

DRL's ANDA Product is especially adapted for a use that infringes one or more claims of the '375 Patent and that there is no substantial non-infringing use for DRL's ANDA Product.

35.     Abraxis will be substantially and irreparably damaged and harmed if DRL's infringement of the '375 Patent is not enjoined.

36.     Abraxis does not have an adequate remedy at law.

37.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '318 Patent

38.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

39.     DRL's submission of DRL's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of DRL's ANDA Product, prior to the expiration of the '318 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

40.     There is a justiciable controversy between the parties hereto as to the infringement of the '318 Patent.

41.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '318 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.

42.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '318 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the

United States.  On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '318 Patent and knowledge that its acts are encouraging infringement.

43.     Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '318 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.  On information and belief, DRL has had and continues to have knowledge that DRL's ANDA Product is especially adapted for a use that infringes one or more claims of the '318 Patent and that there is no substantial non-infringing use for DRL's ANDA Product.

44.     Abraxis will be substantially and irreparably damaged and harmed if DRL's infringement of the '318 Patent is not enjoined.

45.     Abraxis does not have an adequate remedy at law.

46.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '046 Patent

47.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

48.     DRL's submission of DRL's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of DRL's ANDA Product, prior to the expiration of the '046 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

49.　There is a justiciable controversy between the parties hereto as to the infringement of the '046 Patent.

50.　Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '046 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.

51.　Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '046 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.　On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '046 Patent and knowledge that its acts are encouraging infringement.

52.　Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '046 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.　On information and belief, DRL has had and continues to have knowledge that DRL's ANDA Product is especially adapted for a use that infringes one or more claims of the '046 Patent and that there is no substantial non-infringing use for DRL's ANDA Product.

53.　Abraxis will be substantially and irreparably damaged and harmed if DRL's infringement of the '046 Patent is not enjoined.

54.　Abraxis does not have an adequate remedy at law.

55.　This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## Count IV: Infringement of the '409 Patent

56.    Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

57.    DRL's submission of DRL's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of DRL's ANDA Product, prior to the expiration of the '409 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

58.    There is a justiciable controversy between the parties hereto as to the infringement of the '409 Patent.

59.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will infringe one or more claims of the '409 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.

60.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will induce infringement of one or more claims of the '409 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.  On information and belief, upon FDA approval of DRL's ANDA, DRL will intentionally encourage acts of direct infringement with knowledge of the '409 Patent and knowledge that its acts are encouraging infringement.

61.    Unless enjoined by this Court, upon FDA approval of DRL's ANDA, DRL will contributorily infringe one or more claims of the '409 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing DRL's ANDA Product in or into the United States.  On information and belief, DRL has had and continues to have knowledge that

DRL's ANDA Product is especially adapted for a use that infringes one or more claims of the '409 Patent and that there is no substantial non-infringing use for DRL's ANDA Product.

62.     Abraxis will be substantially and irreparably damaged and harmed if DRL's infringement of the '409 Patent is not enjoined.

63.     Abraxis does not have an adequate remedy at law.

64.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Abraxis respectfully requests the following relief:

(A)     A Judgment that DRL has infringed the Patents-in-Suit by submitting ANDA No. 214724;

(B)     A Judgment that DRL has infringed, and that DRL's making, using, offering to sell, selling, or importing DRL's ANDA Product will infringe one or more claims of the Patents-in-Suit;

(C)     An Order that the effective date of FDA approval of ANDA No. 214724 be a date which is not earlier than the later of the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Abraxis is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining DRL and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing DRL's ANDA Product until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Abraxis is or becomes entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining DRL, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from practicing any invention claimed in the Patents-in-Suit, or from actively

inducing or contributing to the infringement of any claim of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which DRL is or becomes entitled;

(F)     A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of DRL's ANDA Product will directly infringe, induce and/or contribute to infringement of the Patents-in-Suit;

(G)     To the extent that DRL has committed any acts with respect to the inventions claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Abraxis damages for such acts;

(H)     If DRL engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of DRL's ANDA Product prior to the expiration of the Patents-in-Suit, a Judgment awarding damages to Abraxis resulting from such infringement, together with interest;

(I)     A Judgment declaring that the Patents-in-Suit remain valid and enforceable;

(J)     A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and awarding Abraxis its attorneys' fees incurred in this action;

(K)     A Judgment awarding Abraxis its costs and expenses incurred in this action; and

(L)     Such further and other relief as this Court may deem just and proper.

- 15 -

Dated:  April 2, 2026

*Of Counsel*:

F. Dominic Cerrito
Andrew S. Chalson
Marta Godecki
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Ave.
New York, NY 10016
(212) 849-7000

By: s/ Charles M. Lizza
Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ  07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Abraxis BioScience, LLC*

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2 AND 40.1**

I hereby certify that the matter in controversy involves one of the same Plaintiffs and certain of the same patents that were at issue in the matters captioned *Abraxis BioScience, LLC v. Qilu Pharmaceutical (Hainan) Co., Ltd.*, No. 26-140 (KMW)(EAP); *Abraxis BioScience, LLC v. Hainan Shuangcheng Pharmaceuticals Co., Ltd.*, Civil Action No. 23-750 (KMW)(EAP); *Abraxis BioScience LLC v. Sun Pharma Advanced Research Company Ltd., et al.*, No. 19-16495 (SRC)(CLS); and *Abraxis BioScience, LLC, et al. v. HBT Labs, Inc.*, Civil Action No. 18-17304 (JMV)(MF).  These cases were filed on January 8, 2026, February 8, 2023, August 8, 2019, and December 17, 2018, respectively, and dismissed on March 4, 2026, May 4, 2023, December 11, 2019, and February 7, 2019, respectively.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  April 2, 2026

*Of Counsel*:

F. Dominic Cerrito
Andrew S. Chalson
Marta Godecki
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Ave.
New York, NY 10016
(212) 849-7000

By: s/ Charles M. Lizza
    Charles M. Lizza
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, NJ  07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiff*
    *Abraxis BioScience, LLC*